UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul H.,[1] | Civ. No. 23-16 (PAM/ECW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on the parties' cross-Motions for Judgment on the administrative record.[2] For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Paul H. filed an application for Disability Insurance benefits on December 22, 2020, and an application for Supplemental Security Income benefits on March 22, 2021. (Admin. R. (Docket No. 12) at 171-79, 180-86.) Plaintiff alleges that he became disabled on March 15, 2020, as a result of knee problems, Crohn's disease, rheumatoid arthritis, irritable-bowel syndrome, acid reflux, and anemia. (Id. at 211.)

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

[2] The new Supplemental Rules for Social Security Actions under 42 U.S.C. 405(g) no longer require parties to file cross-motions for summary judgment, but rather require only the filing of a "brief for the requested relief." Supplemental Rule 6. Based on the relief Plaintiff seeks, the Court characterizes his brief as a motion for judgment on the administrative record.

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the

burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work.  Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration.  (Admin. R. at 38, 54.)  In December 2021, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on Plaintiff's application.  Plaintiff did not appear at this hearing, but his attorney was present.  (Id. at 11.)  After the hearing, the ALJ determined first that Plaintiff was engaged in substantial gainful activity after March 2021; indeed, Plaintiff did not attend the hearing was because he was working.  (Id. at 13-14.)  The ALJ therefore did not examine whether Plaintiff was disabled after March 2021.  (Id. at 14.)  Because there was a 12-month period in which Plaintiff did not engage in substantial gainful activity—March 2020 to March 2021—the ALJ examined only whether Plaintiff was disabled during that time.  (Id.)

The ALJ determined that Plaintiff had several severe impairments: degenerative joint disease, inflammatory arthritis, and gastrointestinal disorder.  (Id.)  The ALJ found, however, that Plaintiff's impairments did not meet or medically equal any listed impairments.  (Id.)  She then determined that Plaintiff had the capacity for light work, with some physical and environmental restrictions.  (Id. at 14-15.)  After addressing the medical

evidence in the record, the ALJ determined that there were jobs Plaintiff could perform in the national economy. (Id. at 18.) The ALJ thus concluded that Plaintiff was not disabled. (Id. at 19.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff raises a single challenge to the ALJ's determination, contending that the ALJ erred in not imposing all of the functional restrictions the state agency medical reviewers imposed. Plaintiff asserts that the ALJ did not sufficiently analyze the supportability and consistency of the agency reviewers' opinions in declining to impose all of the restrictions in their opinions.

An ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors."  Bowers v. Kijakazi, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)).  "The first two factors—supportability and consistency—are the most important." Id. (citing 20 C.F.R. § 404.1520c(a)).  However, "the ALJ is not required to explicitly reconcile every conflicting shred of medical evidence."  Austin v. Kijakazi, 52 F.4th 723, 729 (8th Cir. 2022) (cleaned up).  And the ALJ need not "accept every detail of a particular medical opinion, even opinions that are in other ways persuasive."  Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011).

Plaintiff argues that the ALJ did not sufficiently evaluate the consistency of the agency reviewers' opinions compared to the medical evidence.  He claims that the ALJ erroneously substituted her own lay judgment for the medical opinions in determining that Plaintiff's medication improved both his gastrointestinal symptoms and his arthritis.

The ALJ found the opinions of the state agency reviewers generally persuasive. (Admin R. at 17.)  But she determined that those reviewers' opinions limiting Plaintiff to only occasional climbing, balancing, crouching, and crawling were not supported by the medical evidence as a whole. (Id.)  Specifically, the ALJ noted that, "when [Plaintiff] takes his Humira" he has "good symptom control" and thus "retains the ability to stoop, kneel, balance[,] crouch, crawl, and climb ramps or stairs frequently." (Id.)  The medical records to which the ALJ referred support this conclusion: for example, Plaintiff's

5

gastroenterologist stated that, although Plaintiff has "a long history of medical noncompliance," when he takes Humira as directed his arthritis symptoms are "markedly improved." (Id. at 462.)

The ALJ is required to consider all relevant evidence in the record when determining Plaintiff's RFC. Masterson v. Barnhardt, 363 F.3d 731, 737-38 (8th Cir. 2004); see also Mabry v. Colvin, 815 F.3d 386, 391 (8th Cir. 2016) ("The ALJ is not required to accept every opinion given by a consultative examiner, however, but must weigh all the evidence in the record."). The RFC must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." Myers v. Colvin, 721 F.3d 521, 527 (8th Cir. 2013). The ALJ adequately explained her decision to credit some, but not all, of the opinions of the state agency experts. The RFC the ALJ imposed is supported by substantial evidence.

**CONCLUSION**

Substantial evidence supports the ALJ's determination that Plaintiff is not disabled. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for judgment on the administrative record (Docket No. 13) is **DENIED**; and

6

2. Defendant's Motion for Summary Judgment (Docket No. 15) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  August 7, 2023             *s/Paul A. Magnuson*
                                  Paul A. Magnuson
                                  United States District Court Judge